UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JAYZEL SAMONTE and
COMPANYOFWE.COM, LLC,

                Plaintiffs,

v.

GEORGE WANAT, SR., GEORGE WANAT, JR.,
JOHN DOE 1–10 and ABC CORP. 1–10,

                Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
13-CV-226 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiffs Jayzel Samonte and CompanyofWe.Com, LLC (collectively "Plaintiffs"), commenced the above-captioned action on January 14, 2013, against Defendants George Wanat, Sr., George Wanat, Jr. and various unknown parties. (Docket Entry No. 1.) Plaintiffs alleged various causes of action, including unlawful eviction, trespass and conversion. (*Id.*) Defendants moved to dismiss the Complaint for failure to prosecute pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure. By Report and Recommendation issued on March 19, 2014, Magistrate Judge Roanne L. Mann recommended that the Court grant Defendants' motion to dismiss the Complaint. Plaintiffs filed no objections. For the reasons set forth below, the Court adopts the report and recommendation and grants Defendants' motion to dismiss the Complaint.

**I. Background**

On June 6, 2012, Plaintiffs' counsel requested leave to move to withdraw as Plaintiffs' counsel. (Docket Entry No. 15.) Magistrate Judge Roanne L. Mann granted leave. (Docket Entry No. 16.) At a sealed *ex parte* hearing held on June 18, 2013, Judge Mann, with Plaintiffs'

consent, granted the motion to withdraw. (Docket Entry No. 19.) Judge Mann also directed Plaintiffs to promptly seek to retain new counsel and arrange for a notice of appearance to be filed on or before July 18, 2013, and ordered Plaintiffs to respond to all outstanding discovery demands by August 1, 2013. (*Id.*) In addition, Judge Mann expressly warned Plaintiffs that failure to cooperate with new counsel could result in dismissal of the instant action. (*Id.*) Since July 18, 2013, Plaintiffs have not made any effort to prosecute this action.

On August 20, 2013, Defendants requested a pre-motion conference in anticipation of moving to dismiss for failure to prosecute. (Docket Entry No. 20.) Defendants informed the Court that Plaintiffs had failed to respond to the outstanding discovery demands, failed to respond to numerous email and telephone messages and failed to retain new counsel. (*Id.*) In response, Judge Mann issued an order to show cause, directing Plaintiffs, whom Judge Mann deemed to be proceeding *pro se*, to show cause why sanctions should not be imposed and why Defendants should not be allowed to move to dismiss the Complaint, and to respond to the outstanding discovery demands. ("Order to Show Cause," Docket Entry No. 21.) Judge Mann initially ordered Plaintiffs to respond by September 9, 2013, (*id.*), but extended that deadline to October 25, 2013 due to an administrative error, (Docket Entry No. 23). Judge Mann warned Plaintiffs that their failure to respond would result in sanctions, possibly including dismissal of this action. (Docket Entry No. 23.) Plaintiffs did not respond. On November 12, 2013, Defendants wrote to the Court, explaining that Plaintiffs had failed to comply with the entirety of Judge Mann's Order to Show Cause. (Docket Entry No. 24.)

Subsequently, Defendants moved to dismiss the Complaint for failure to prosecute pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 25.) Defendants also requested a court order mandating a date certain by which Samonte

must retrieve personal property he had abandoned at Defendants' premises. (*Id.*) By order dated December 16, 2013, Judge Mann directed Plaintiffs to respond to the motion to dismiss on or before January 8, 2014. (Docket Entry No. 26.) Plaintiffs did not respond.

On March 19, 2014, Judge Mann issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion to dismiss the Complaint pursuant to Rules 37(b)(2)(A) and 41(b). (Docket Entry No. 29.) Judge Mann also recommended that the Court find that Samonte had waived any right to the abandoned items specified in Defendants' motion, and explicitly stated that objections to the R&R were due on or before April 7, 2014. (*Id.*) On March 21, 2014, Samonte emailed the Court stating that he "only received all of these emails now as they have all been sent to [his] junk box." (Docket Entry No. 30.) Samonte also requested "a moment to look through and evaluate." (*Id.*) By order dated March 24, 2014, Judge Mann reminded Plaintiffs that Samonte chose not to provide the Court with a physical mailing address so he only had himself to blame for failing to check his "junk" messages, and reiterated that objections to the R&R were due on or before April 7, 2014. (Docket Entry No. 31.) Plaintiffs did not file objections.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531

3

F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Judge Mann's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

The Complaint is dismissed pursuant to Rules 37(b)(2)(A) and 41(b) of the Federal Rules of Civil Procedure, and the Court finds that Samonte has waived any right to the items specified in Defendants' motion to dismiss the Complaint. The Clerk of the Court is directed to close this case.

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 6, 2014
      Brooklyn, New York

4